RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____ m
BY DPTY. CLK_____
DATE_____
12-8-03

COMMONWEALTH OF MASSACHUSETTS )
COUNTY OF BRISTOL )  SS.
SUPERIOR COURT )
)

BRCV2003-01240-A    FILED
IN CLERK'S OFFICE

2003 DEC -8  P 2: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO.:

GRIFFIN MANUFACTURING )
COMPANY, INC. )
        Plaintiff )       NOTICE OF REMOVAL
)       DIVERSITY
    VS. )
)
ST. GERMAIN'S WAREHOUSE )
CO., INC. )
        Defendant )

03 CV

MAGISTRATE JUDGE Cohen

Now comes St. Germain's Warehouse Co., Inc. a Rhodes Island

corporation, the defendant herein, and says that:

1.    There was commenced, and is now pending in the Superior

Court of Bristol County, Commonwealth of Massachusetts

a certain civil action BRCV2003-01240-A in which the

above named Griffin Manufacturing Company, Inc. a

Massachusetts corporation is plaintiff, and St.

Germain's Warehouse Co., Inc. a Rhodes Island

corporation, is defendant.

2.    Said action is of a civil nature, and the amount in

controversy claimed by the plaintiff, exclusive of

interest and costs, exceeds the sum of seventy-five

thousand dollars ($75,000.00), to-wit; an action to recover damages for breach of contract and loss of goods, which damages the plaintiff claims were caused by the alleged negligence of the petitioner and/or breach of contract by the petitioner.

3.  The action involves a controversy between citizens of different states.  The plaintiff is now, and was at the commencement of this action, a corporation duly created and organized by and under the laws of the Commonwealth of Massachusetts, with a principal place of business in Massachusetts and the defendant was at the time of the commencement of this action, now is, and ever since has been a corporation duly created and organized by and under the laws of the State of Rhodes Island with a principal place of business in Rhodes Island.

4.  Said action is one of which the District Court of the United States is given original jurisdiction under 28 U.S.C.A. § 1332.

5.  The notice is filed in this Court within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action is based, which was served on the defendant on November 10, 2003 and the time for filing this

notice under the Statute of the United States has not
expired.

6.  Written notice of the filing of this notice will be
given to all adverse parties as required by law.

7.  A true and correct copy of this notice will be filed
with the Clerk of the court of Bristol County, as
provided by law.

8.  There is filed herewith, and by reference made a part,
hereof, a true and correct copy of all process,
pleadings, and orders served upon the defendant in this
action (Civil Action Cover Sheet; Complaint; Summons;
Affidavit of Service and supporting documentation filed
with the State Court by plaintiff's counsel under the
Massachusetts Long Arm Statute, M.G.L. c. 223A §§ 3, 4,
and 6; State Court Tracking Order).

Wherefore, defendant, St. Germain's Warehouse Co., Inc.,
prays that the above action now pending against it in the
Superior Court for the County of Bristol, Commonwealth of
Massachusetts, Docket No. BRCV2003-01240-A, be removed from the
state court to this court.

Defendant,
St. Germain's Warehouse Co., Inc.,
By its attorney


John E. McCabe
47 Church Street
Wellesley, MA 02482
Phone 781-237-8500
Facsimile 781-237-5765

Dated: December 8 , 2003

## Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# **BRCV2003-01240-A**

RE: **Griffin Manufacturing Company, Inc. v St. Germain's Warehouse Co., Inc.**

TO: Jamie N Hage, Esquire
Nixon Peabody
101 Federal Street
Boston, MA 02110



## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 02/08/2004 |
| Response to the complaint filed (also see MRCP 12) | 04/08/2004 |
| All motions under MRCP 12, 19, and 20 filed | 04/08/2004 |
| All motions under MRCP 15 filed | 04/08/2004 |
| All discovery requests and depositions completed | 09/05/2004 |
| All motions under MRCP 56 filed and heard | 10/05/2004 |
| Final pre-trial conference held and firm trial date set | 11/04/2004 |
| Case disposed | 01/03/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 11/10/2003

Marc J. Santos,
Clerk of Courts

BY:
Valerie A. Brodeur / Mark A. Ferriera
Assistant Clerks

Location: CtRm - Main (Taunton)
Telephone: (508) 823-6588

*Check website as to status of* case: **http://ma-trialcourts.org/tcic**

cvdtracf_2.wpd 367042 inidoc01 aguiarka

| CIVIL ACTION COVER SHEET | DO̲   NO̲.(S) | ...l Court of Massachusetts Superior Court Department County:   Bristol |
|---|---|---|

PLAINTIFF(S) Griffin Manufacturing Company, Inc.
502 Bedford Street
Fall River, MA 02720

DEFENDANT(S) St. Germain's Warehouse Co., Inc.
743 North Main Street
Woonsocket, RI 02895

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Jamie N. Hage, Esq./Stephen M. LaRose, Esq.
Nixon Peabody LLP, 101 Federal St., Boston, MA
Board of Bar Overseers number: 216300/654507          02110

ATTORNEY (if known)
Scott Keefer, Esq.
Macktaz, Keefer and Kirby
One Cumberland Plaza, Woonsocket, RI 02895

### Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104
   (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Contract | ( F ) | ( ) Yes    ( XX ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
                                                           Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                           $. . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                           $. . . . . . . . . . . .
                                                  TOTAL $. . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

An action for breach of contract, misrepresentation, fraud in the inducement and negligence
relating to St. Germain's failure to deliver goods to Griffin Manufacturing

                                                  TOTAL $. .100,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record   *Stephen LaRose*                    DATE: 11/7/03
                                  Stephen M. LaRose

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT,  BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No.

Griffin Manufacturing Company, Inc. , Plaintiff (s)

v.

St. Germain's Warehouse Co., Inc. , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ........................ Stephen M. LaRose, Esq.,

..................................................................................................................................

plaintiff's attorney, whose address is Nixon Peabody LLP, 101 Federal Street, Boston, MA 0211C,

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ................................................ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the..........................................day of............................................, in the year of our Lord two thousand and ...............................................

*Mary J. Sawyer, Esq.*
*Magistrate*

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner  (See Mass. R. Civ. P. 4 (d)  (1-5) :

..................................................................................................................................................

..................................................................................................................................................

..................................................................................................................................................

Dated: ......................................., 20    .       ..................................................................

N.B.   TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| |
|---|
| , 20    . |

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No.

BRISTOL, ss.

...iffin Manufacturing Company, Inc., Plaintiff (s)

v.

.: Germain's Warehouse Co., Inc., Defendant (s)

SUMMONS
(Mass. R. CIV. P. 4)

## THE COMMONWEALTH OF MASSACHUSETTS

**BRISTOL, ss.**

**SUPERIOR COURT DEPARTMENT**
**C.A. NO. _____**

|  |  |
|---|---|
| GRIFFIN MANUFACTURING COMPANY, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ST. GERMAIN'S WAREHOUSE CO., INC. | ) ) ) |
| Defendant. | ) ) |

## INTRODUCTION

This Complaint is an action to recover the loss incurred by Griffin Manufacturing Company, Inc. ("Griffin"), when a carrier, St. Germain's Warehouse Company, Inc. ("St. Germain"), failed to deliver goods to Griffin due to the goods being stolen in transit.

## PARTIES

1.      The Plaintiff, Griffin Manufacturing Company, Inc., a clothing manufacturer, is a Massachusetts Corporation with a usual place of business at 502 Bedford Street, Fall River, Massachusetts 02720.

2.      The Defendant, St. Germain's Warehouse Company, Inc., a trucking company, is a Rhode Island corporation with a usual place of business at 743 North Main Street, Woonsocket, Rhode Island 02895.

## JURISDICTION

3.      Pursuant to M.G.L. c. 223A §3, this court has jurisdiction over the Defendant due to St. Germain's transaction of business in the Commonwealth of Massachusetts and its contracting to supply services in the Commonwealth.

## FACTS SUPPORTING ALL COUNTS

4.      In July 2002, St. Germain, by virtue of its course of dealings with Griffin, agreed to pick-up certain goods ordered from Huntingdon Mills ("Huntingdon") in Quebec, Canada, and to deliver such goods to Griffin's warehouse in Fall River, Massachusetts.

5.      Griffin agreed to purchase 187 rolls of knitted fabric from Huntingdon for $55,197.85 (USD) and designated St. Germain as the carrier to pick-up the goods from Huntingdon for delivery to Griffin.

6.      St. Germain neglected to inform Griffin that it did not have the licenses or permits necessary to enter Quebec and carry goods directly to Griffin.

7.      Griffin and St. Germain had an established relationship and St. Germain had provided trucking service to and for Griffin's benefit in the past, including the delivery of goods from Canada to the U.S.

8.      Without Griffin's knowledge, St. Germain subcontracted the carriage to a third party, Milgram & Company Ltd. ("Milgram") of Montreal, who subsequently subcontracted the carriage to a another party, Ser-Max Express ("Ser-Max") of St. Rosalie, Quebec.

9.      Ser-Max picked-up the 187 rolls of fabric from Huntingdon on July 26, 2002, and transported the goods to their terminal at 2275 De la Province.

10.     On July 29, 2002, a representative of Ser-Max, Mr. Yvan Belanger, filed a police report with the Longueil Police Department, reporting that the trailer containing the 187 rolls of

fabric from Huntingdon was stolen out of Ser-Max's terminal over the weekend of July 26 through July 28, 2002.

11.    Mr. Belanger reported to the police that this was the third trailer stolen from their terminal that month.

12.    On September 15, 2002, the Montreal Police Department reported to the Longueil Police that Ser-Max's trailer was found in Montreal.  None of the goods contained within the trailer were recovered.

13.    At all times relevant hereto, Ser-Max and Milgram were acting as agents of St. Germain, and were acting within the scope of their employment when the goods were stolen.

14.    To date, St. Germain has failed and refused to compensate and reimburse Griffin for the goods, destroyed or stolen despite Griffin's repeated demands to do so.

15.    Huntingdon continues to demand payment for the fabric from Griffin, despite the fact that Griffin never received the shipment.

16.    In addition to the loss of the value of the goods, $55,197.85, Griffin has sustained lost profits, expenses and attorneys' fees for a total loss of approximately $100,000.00.

<u>COUNT I – BREACH OF CONTRACT</u>

17.    Griffin hereby incorporates by reference the allegations in paragraphs 1-16 of this Complaint.

18.    Under the parties' agreement, St. Germain was obligated to pick-up and deliver to Griffin 187 rolls of fabric from Huntingdon Mills in Quebec, Canada.  In consideration for the transport of the goods from Huntingdon to Griffin's warehouse, Griffin agreed to pay trucking fees to St. Germain.

19.    St. Germain breached its contractual duties by failing to deliver the 187 rolls of fabric to Griffin as ordered.

20.    Griffin has been damaged by St. Germain's breach for the value of the goods lost or stolen, lost profit, expenses and attorneys' fees.

## COUNT II – MISREPRESENTATION & FRAUD IN THE INDUCEMENT

21.    Griffin hereby incorporates by reference the allegations contained in paragraphs 1-20 of this Complaint.

22.    At all times relevant hereto, St. Germain represented to Griffin that it was able to handle the transportation of goods from Canada to Griffin's warehouse in Fall River, Massachusetts. At all times, St. Germain has held itself out as a carrier of goods from Canada to the United States, and had fulfilled shipment orders to and for the benefit of Griffin in the past.

23.    St. Germain did not, in fact, possess the appropriate licenses and/or regulatory requirements necessary to carry goods from Canada to the United States, and it did not inform Griffin of these facts.

24.    When representing to Griffin that it would deliver 187 rolls of fabric from Huntington Mills in Canada to Griffin in Massachusetts, St. Germain failed to inform Griffin that it would need to sub-contract the shipment and delivery out to another trucking entity.

25.    But for the misrepresentations by St. Germain regarding its capability and licensing to handle the carriage of Griffin's goods, Griffin would not have agreed to have St. Germain handle the carriage.

26.    Griffin has been damaged in the amount of the value of the goods lost or stolen, lost profits, expenses and attorneys' fees.

## COUNT III – NEGLIGENCE

27.     Griffin hereby incorporates by reference the allegations in paragraphs 1-26 of this Complaint.

28.     A carrier of merchandise has a duty to protect the goods during transit.

29.     St. Germain, without Griffin's knowledge, contracted the carriage of Griffin's fabric to another entity, Milgram, who in turn contracted the carriage to a third entity, Ser-Max. This relationship between St. Germain, Milgram and Ser-Max was one of principal and agent, and the conduct of Milgram and Ser-Max were within the scope of their agency.

30.     Ser-Max has recently had merchandise stolen from its trucking terminal on three separate occasions.

31.     Ser-Max negligently failed to take adequate and necessary safeguards to protect the goods in transit and that negligence is imputed to St. Germain due to the principal-agency relationship under *respondeat superior*.

32.     Milgram is negligent in contracting with a carrier that is continuously unable to safeguard the merchandise it is transporting.  Milgram's negligence is also imputed upon St. Germain due to their principal-agent relationship under *respondeat superior*.

33.     Griffin has been damaged in the amount of the loss of value of the goods lost or stolen, lost profits, expenses and attorneys' fees.

## CERTIFICATE OF SERVICE

    I, Stephen M. LaRose, do hereby certify that the above *Complaint*, was served upon Mr. Luc St. Germain, an officer of Defendant St. Germain's Warehouse Co., Inc., via certified mail return receipt, on this 7th day of November, 2003.

Stephen M. LaRose

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL]

No.

Griffin Manufacturing Company, Inc. , Plaintiff (s)

v.

St. Germain's Warehouse Co., Inc. , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
    PLEASE INDICATE TYPE OF ACTION INVOLVED :—
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon ................ Stephen M. LaRose, Esq.,

plaintiff's attorney, whose address is Nixon Peabody LLP, 101 Federal Street, Boston, MA 0211(

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ................................. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the................................day of................................., in the year of our Lord two thousand and .................................

*Magistrate*

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer or agency thereof is a defendant, the time to be inserted is 60 days.

*NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.*

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................, 20   , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5) :

........................................................................................................................................................

........................................................................................................................................................

........................................................................................................................................................

Dated: ........................................, 20   .    ........................................................................

N.B.  TO PROCESS SERVER: —
      PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
      BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

```
                                                    , 20   .
```

. COMMONWEALTH OF MASSACHUSETTS
         SUPERIOR COURT DEPT.
         OF THE TRIAL COURT
         CIVIL ACTION
         No.

BRISTOL, ss.

Griffin Manufacturing Company, Inc. ........, Plaintiff (s)

v.

St. Germain's Warehouse Co., Inc. ........, Defendant (s)

SUMMONS
(Mass. R. CIV. P. 4)

## THE COMMONWEALTH OF MASSACHUSETTS

**BRISTOL, ss.**                                 **SUPERIOR COURT DEPARTMENT**

| | |
|---|---|
| GRIFFIN MANUFACTURING COMPANY, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>ST. GERMAIN'S WAREHOUSE CO., INC. )<br><br>Defendant. ) | C.A. NO. BRCV2003-01240-A |

### AFFIDAVIT OF SERVICE

I, Stephen M. LaRose, do depose and say:

1.    I am an associate with the law firm Nixon Peabody LLP, 101 Federal Street, Boston, MA 02110 and serve as attorney for the plaintiff, Griffin Manufacturing Co., Inc. in this matter.

2.    On the 7th of November, 2003, I caused copies of (i) Complaint; (ii) Civil Action Cover Sheet; (iii) Summons; and (iv) Letter notifying the defendant that it was being served under the Massachusetts Long-Arm Statute, G.L. c.223A, §§ 3, 4, and 6; by certified mail, postage prepaid, return receipt requested, to the following address:

> Mr. Luc St. Germain
> Vice President
> St. Germain's Warehouse Co., Inc.
> 743 North Main Street
> Woonsocket, RI 02895

BOS1327847.1

- 2 -

3.    A copy of the signed return receipt (No. 7099 3220 0006 6205 8490), dated

November 10, 2003, is attached hereto.

Signed under the pains and penalties of perjury, this 14th day of November 2003.

Stephen M. LaRose

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Luc St. Germain
St. Germain's Warehouse
Co., Inc.
743 North Main Street
Woonsocket, RI 02895

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    NOV 1 0 2003    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered    ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7099 3220 0006 6205 8490

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Stephen M. LaRose, Esq.

**NIXON PEABODY LLP**
**101 FEDERAL STREET**
**BOSTON, MA 02110-1832**

NOV 1 2003

13