IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 03 cv 12462 RCL

GRIFFIN MANUFACTURING )
COMPANY, INC. )
    Plaintiff )  ANSWER OF DEFENDANT ST.
     )  GERMAIN'S WAREHOUSE CO., INC.
    VS. )
     )
ST. GERMAIN'S WAREHOUSE )
CO., INC. )
    Defendant )

1. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and call upon the plaintiff to prove same.

2. St. Germain's Warehouse Company, Inc. is a Rhodes Island Corporation with a principal place of business at 743 Main Street, Woonsocket, Rhodes Island and is a licensed contract carrier.

3. No response is necessary as the plaintiff has set forth a statement of law and/or legal conclusion, to the extent that a response is deemed necessary the defendant denies the facts and allegations set forth and call upon the plaintiff to prove same.

4. Denied.

5. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations regarding the plaintiffs purchase of goods and calls upon the plaintiff to prove same and further answering denies all other facts and/or allegations therein.

6. Denied.

7. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations regarding an established relationship between the plaintiff and defendant and calls upon the plaintiff to prove same and further answering defendant denies all other facts and/or allegations therein.

8. Denied.

9. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

10. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

11. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

12. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

13. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

14. Denied.

15. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

16. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

## COUNT I - BREACH OF CONTRACT

17. The defendant hereby incorporates by reference its responses in paragraphs 1-16 of this answer.

18. Denied.  (For Luc Trucking fees?)

19. Denied.

20. Denied.

## COUNT II MISREPRESENTATION & FRAUD IN THE INDUCEMENT

21. The defendant hereby incorporates by reference its responses in paragraphs 1-20 of this answer.

22. Denied.

23. Denied.

24. Denied.

25. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

26. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

### COUNT III - NEGLIGENCE

27. The defendant hereby incorporates by reference its responses in paragraphs 1-20 of this answer.

28. No response is necessary as the plaintiff has set forth a statement of law and/or legal conclusion, to the extent that a response is deemed necessary the defendant denies the facts and allegations set forth and call upon the plaintiff to prove same.

29. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

30. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

31. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

32. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

33. The defendant dose not have sufficient information to either deny or admit to the factual statements and/or allegations therein and calls upon the plaintiff to prove same.

## AFFIRMATIVE DEFENSES OF THE DEFENDANT

1. The plaintiff fails to state a claim upon which relief can be granted.

2. The plaintiff by its actions is estopped from bringing its claim.

3. The plaintiff has failed to join a party necessary to the action under Rule 19.

4. The plaintiff has failed to bring the action in the proper venue.

5. The plaintiff has failed to bring the action in the proper forum.

6. The plaintiff's negligence was the cause of its loss and/or damages and is greater then that of the defendant which negligence was contributory to the plaintiff's loss and/or

damages.

7. The defendant has not breached any alleged contract with the plaintiff and has in fact completed performance of its duties and obligations under any alleged contract between the plaintiff and defendant.

8. The plaintiff is bound by the terms and conditions set forth in the Bill of Lading issued for the shipping of the goods described herein.

9. The plaintiff acquiesced to and approved of the preparation of the Bill of Lading issued for the shipping of the goods described herein and is bound by the terms and conditions set forth therein.

10. The law that governs the subjective matters in this action is the law of a jurisdiction and/or sovereign other than the Commonwealth of Massachusetts.

11. The plaintiff has failed to mitigate its alleged loss and/or damages.

12. The conduct and/or actions of an individual and/or entity over which the defendant had no control was an intervening cause of the plaintiff's alleged loss and/or damages.

13. The conduct and/or actions of an individual and/or entity over which the defendant had no control was a superceding cause of the plaintiff's alleged loss and/or damages.

14. The plaintiff assumed the risk of shipping the goods described herein.

Wherefore, the defendant prays that this court dismiss the plaintiff's claims against it and award it attorney fees and costs associated with the defense of this claim.

> Defendant,
> St. Germain's Warehouse Co., Inc.,
> By its attorney
>
> *(signature)*
>
> John E. McCabe BBO 546541
> 47 Church Street
> Wellesley, MA 02482
> Phone 781-237-8500
> Facsimile 781-237-5765

Dated: December 15, 2003